# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DONALD GWINN,**
**Claimant below, Petitioner**

**vs.)    No. 22-ICA-250**    (BOR Appeal No. 2058360)
(JCN: 2016001947)

**JP MORGAN CHASE,**
**Employer below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donald Gwinn appeals the October 26, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent JP Morgan Chase filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order affirming the claim administrator's decision to deny medical treatment and additional temporary total disability ("TTD") benefits to Mr. Gwinn. The OOJ, as affirmed by the Board, found that the treatment and requested benefits were not for a compensable workplace injury.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 16, 2015, Mr. Gwinn, a bank manager, sustained a work-related injury when he tripped and fell down some stairs, injuring his left ankle, left knee, left hip, left arm, left-sided ribs, and head. Over the course of three orders, the claim administrator held the claim compensable for left ankle sprain, left knee sprain, left hip sprain, left wrist sprain, unspecified head injury, lumbar sprain/strain, L5 radiculopathy, and sciatica.

Subsequently, Mr. Gwinn underwent an MRI which revealed "bilateral pars defects at L5 grade I anterior spondylolisthesis of the L5-S1," bilateral inferior neural frontal recess encroachment, and abutment of the exiting L5 nerve root bilaterally. On July 13, 2016, Rajesh V. Patel, M.D., examined Mr. Gwinn and opined that the spondylolisthesis preexisted the injury but had been asymptomatic. According to Dr. Patel, the injury

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by Jane Ann Pancake, Esq. and Jeffrey B. Brannon, Esq.

1

worsened Mr. Gwinn's spondylolisthesis, causing symptoms and stenosis which accounted for left leg pain and radiculopathy. Dr. Patel recommended conservative treatment such as physical therapy and injections.

As of August of 2017, Mr. Gwinn continued to report pain, and Dr. Patel continued to recommend conservative treatment, such as physical therapy, weight loss, and lumbar epidural injections. Mr. Gwinn saw Dr. Patel again in November of 2017 and reported worsening pain. At that time, Dr. Patel opined that surgery may be needed and requested another MRI.

On January 9, 2018, Mr. Gwinn underwent a second MRI. Dr. Patel noted that the MRI revealed spondylolisthesis with neural foraminal narrowing that would require surgery at some point, and he submitted a request for authorization.[2] Mr. Gwinn continued to report pain to Dr. Patel through December of 2020, and he requested to reopen the claim for TTD benefits. Dr. Patel signed the application to reopen, stating that Mr. Gwinn was temporarily and totally disabled due to pain.

The claim administrator issued two orders on January 28, 2021, one which denied further TTD benefits based upon a report which placed Mr. Gwinn at maximum medical improvement and another which denied a request for physical therapy and surgery on the basis that they were not necessary to treat the compensable diagnoses.

Dr. Patel authored a clinical note in June of 2021, in which he reiterated that Mr. Gwinn's spondylolisthesis preexisted the fall but that the fall caused the condition to become symptomatic. Although Dr. Patel had initially recommended conservative treatment, he now recommended a lumbar fusion at L5-S1 and stated it was medically necessary and reasonably related to the compensable injury. Dr. Patel believed surgical intervention was now reasonable as Mr. Gwinn continued to have severe limitations in his lower back and left leg, which he had consistently experienced since his compensable injury. He further stated that after the lumbar radiculopathy symptoms were addressed with this surgery, any future surgical intervention would be related to preexisting conditions.

On September 22, 2021, ChuanFang Jin, M.D., performed an independent medical evaluation ("IME") of Mr. Gwinn. Dr. Jin diagnosed status post fall with multiple sprains/strains involving several body parts, chronic low back pain with sprain/strain type injury of the lumbar spine superimposed on preexisting degenerative lumbar spine disease with preexisting spondylolisthesis at left L5 over S1, and left L5 radiculopathy most likely from preexisting degenerative lumbar spine disease and preexisting spondylolisthesis. Dr.

---

[2] Specifically, the requested surgery included an anterior spinal fusion and instrumentation with the application of a prosthetic device and allograft x2 at L5-S1, posterior lumbar fusion at L5-S1, laminotomy/laminectomy at L5-S1, outside foraminotomy at L5-S1, and posterior instrumentation at L5-S1.

Jin opined that from a medical perspective, the underlying pathology for radiculopathy and sciatica were preexisting and degenerative conditions, including the spondylolisthesis. She further opined that the fall did not cause spondylolisthesis, although it could have triggered the radiculopathy symptoms. According to Dr. Jin, a one-time fall would not cause or accelerate the degenerative process or aggravate or alter the underlying pathologies. As such, she concluded that Mr. Gwinn's worsening symptoms were the direct result of the disease progression of preexisting conditions. Dr. Jin stated that the treatments requested by Dr. Patel, such as injections, physical therapy, and surgery, were for preexisting degenerative lumbar spine disease and spondylolisthesis and were not caused by or causally related to the compensable injury. Dr. Jin noted that it was reasonable to treat the radiculopathy symptoms but not the continuing progression of preexisting conditions that were not caused by the fall.

By order dated June 1, 2022, the OOJ affirmed the claim administrator's orders which denied surgery and physical therapy and denied further TTD benefits. The OOJ noted that the compensable injuries at issue here included lumbar sprain/strain, L5 radiculopathy, and sciatica. Upon considering Dr. Patel's and Dr. Jin's reports, the OOJ found Dr. Jin's report to be reliable. The OOJ further found that the requested surgery was required due to preexisting degenerative conditions and spondylolisthesis, which were not compensable. The OOJ acknowledged that radiculopathy had been held compensable and that those symptoms were likely caused by the injury, but determined that the surgery was "more related to the non-compensable conditions than the compensable radiculopathy." While Mr. Gwinn had argued in closing arguments that the OOJ had previously granted injections and that surgery should logically follow, the OOJ found that the injections were aimed at treating radiculopathy symptoms and the surgery and physical therapy were not. As such, the OOJ affirmed the order denying these medical treatments.

Regarding TTD benefits, the OOJ found that an IME report dated October 27, 2020, placed Mr. Gwinn at maximum medical improvement and that the additional TTD benefits he sought were for the time period while he was awaiting surgery, which it had already found not to be medically necessary. As such, the OOJ also denied additional TTD benefits. On October 26, 2022, the Board adopted the findings of fact and conclusions of law of the OOJ and affirmed its order. Mr. Gwinn now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

3

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __W. Va.__, __, __S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Gwinn argues that the Board was clearly wrong in denying him medical treatment and additional TTD benefits. According to Mr. Gwinn, the evidence establishes that the surgery and the physical therapy are to treat the compensable conditions of radiculopathy and sciatica. Mr. Gwinn notes that there is no evidence in the record demonstrating that he was symptomatic with radiculopathy or sciatica prior to the compensable injury, and he states that Dr. Patel's notes indicate that his symptoms of radiculopathy and sciatica were directly related to the compensable injury. Mr. Gwinn points out that Dr. Patel initially recommended conservative treatment such as injections, which were approved, but eventually recommended surgery as Mr. Gwinn's symptoms continued to worsen. Mr. Gwinn argues that because the injections were deemed to be reasonable to treat the symptoms, it logically follows that the surgery was requested as a last resort to treat the same symptoms. Mr. Gwinn avers that Dr. Patel is in the best position to determine what treatment is appropriate and that the Board wrongly determined that Dr. Jin, who evaluated Mr. Gwinn a single time, was better equipped to determine what treatment was necessary. As such, Mr. Gwinn argues that the Board should have approved the requested treatment and also should have approved his application for additional TTD benefits, as he was taken off work due to symptoms stemming from the compensable conditions.

Upon review, we find no error in the Board's finding that Mr. Gwinn was not entitled to the requested medical treatment or additional TTD benefits. Here, both Dr. Patel and Dr. Jin agreed that Mr. Gwinn had preexisting conditions that predated the compensable injury. While Dr. Patel believed that Mr. Gwinn's symptoms were attributable to compensable conditions in the claim, Dr. Jin opined that the symptoms were ultimately attributable to preexisting conditions and their natural progression, which were not aggravated by a one-time fall. As such, Dr. Jin opined that any treatment requested by Dr. Patel was aimed at treating noncompensable conditions, and the OOJ and the Board agreed with her assessment. Credibility determinations are exclusively reserved for the trier of fact. *See Martin v. Randolph Cnty Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility

4

determinations and inferences from the evidence . . . .”). Given that the OOJ's and the Board's conclusions are adequately supported by the evidence of record, we decline to disturb either tribunal's reliance upon the report of Dr. Jin over that of Dr. Patel.

Accordingly, we find that the Board did not err in affirming the denial of additional medical treatment as the requested treatment was not medically necessary or reasonably related to the compensable injury. We likewise find no error in the Board's order affirming the denial of Mr. Gwinn's additional TTD benefits as the record demonstrates that Mr. Gwinn was taken off of work in anticipation of the requested surgery, which was found to be neither medically necessary nor reasonably related to the compensable conditions. Therefore, Mr. Gwinn is entitled to no relief.

Accordingly, we affirm the Board's September 19, 2022, order.

Affirmed.

**ISSUED:**  February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen